IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00844-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

HARLEY LAPPIN,
HARRELL WATTS,
R. WILEY,
K. REAR,
M. MONTGOMERY,
J. T. SHARTLE,
BENJAMIN BRIESCHKE,
CHRISTOPHER B. SYNSVOL,
UNITED STATES OF AMERICA,
MARK COLLINS,
W. HAYGOOD,
MR. R. "DOLLY" MADISON,
B. HAYS,
I. GARCIA, and
A. FENLON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Bob Allen Custard, a federal prisoner currently housed in the State of Colorado, originally filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in the United States District Court for the District of Columbia (the "District of Columbia court"). The District of Columbia court determined that venue properly lies in this district, and entered an order transferring the action to this Court.

This Court has granted Plaintiff leave to proceed pursuant to 42 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the Complaint liberally because Mr. Custard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. Custard will be ordered to file an Amended Complaint.

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Custard fails to set forth a short and plain statement of his claims. Plaintiff has attached twenty-four pages to the Prisoner Complaint form that contain either statements regarding the history of the Prisoner's Litigation Reform Act (PLRA) or quotations from federal regulations and statutes and federal case law. The history of the PLRA and the extended quotations are unnecessary in an initial complaint.

Plaintiff also has attached fifty-three pages of what appear to be grievances he has submitted to prison staff and responses to those grievances. On the copies of the responses, Plaintiff has included his own comments. To the extent that Plaintiff intends to include the comments as claims, the Court will not review the comments to determine what if any claims he is attempting to set forth. Overall, Plaintiff's Complaint is redundant, conclusory, and vague.

The only claim that Plaintiff clearly states repeatedly is that Defendants have conspired to deny him the ability to exhaust his administrative remedies. He also claims that Defendants have destroyed copies of any evidence showing that they have interfered with his access to the grievance procedure. To the extent that Plaintiff is attempting to assert any other claims, the claims are not clearly stated in accordance with Rule 8.

Therefore, Mr. Custard is instructed to amend the Complaint and comply with Rule 8. He is directed to state his claims in a short and concise manner on the Prisoner Complaint form. Plaintiff should only submit attached pages when he is not able to state a short and concise claim on the complaint form. Plaintiff also is to refrain from making comments in the margin of the Complaint or from inserting statements with arrows directing the reader to other statements on the page.

The Court further takes note that Mr. Custard's answer to the questions under Section "E. Previous Lawsuits" is nonresponsive. Plaintiff was able to identify and list previous lawsuits in the form he submitted to the District of Columbia. Mr. Custard is expected to respond appropriately to each question on the complaint form filed in this Court.

Mr. Custard also filed two documents on May 22, 2007. Both of the filings are malicious and abusive. Plaintiff has been warned about filings of this type in previous actions, including Case No. 06-cv-01114-WYD-CBS, Doc. No. 8, and Case No. 06-cv-1036-WYD-CBS, Doc. No. 64. Neither of the filings merit a response by the Court. Proper forms were sent to Mr. Custard as noted by the Certificate of Mailing attached to the May 14, 2007, Minute Order. Furthermore, Mr. Custard did not return to the Court the incorrect forms that he alleges were sent to him on May 14, 2007. Also, Mr. Custard may state his demand for a jury trial in his Amended Complaint Section "G. Request for Relief," where such a request properly is stated.

Mr. Custard is barred in the instant case from filing any objections and motions in the future that are malicious and abusive. The only document Plaintiff is to file in this action at this time is an Amended Complaint. Mr. Custard also is reminded that if he fails to provide a certified copy of his trust fund account statement on a monthly basis the Complaint and action will be subject to dismissal. Accordingly, it is

ORDERED that Mr. Custard file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Custard, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Custard fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED May 24, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00844-BNB

Bob A. Custard
Reg. No. 02728-031
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk